```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
FREDKIEY HURLEY,

                    Plaintiff,

    -v-

TOZZER, LTD. d/b/a NIAGRA,

                    Defendant.
------------------------------------x

ORDER

15 Civ. 2785 (GBD) (HBP)

GEORGE B. DANIELS, United States District Judge:

    On April 9, 2015, Plaintiff Fredkiey Hurley initiated this action against Defendants alleging violations of the Americans with Disabilities Act ("ADA"). (ECF No. 1.) On November 3, 2015 the matter was referred to Magistrate Judge Henry B. Pitman. (ECF No. 9.)

    Defendant moved to dismiss the Complaint on two grounds: first, for failure to respond to interrogatories and document requests pursuant to Federal Rule of Civil Procedure 37(d), and second, for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (*See* Motion, ECF No. 12; Mem. of Law ("Mem."), ECF No. 14.)

    Before this Court is Magistrate Judge Pitman's February 18, 2016 Report and Recommendation ("Report"), (ECF No. 29), in which he recommended that this Court deny Defendant's motion to dismiss. (*See* Report, at 1.) Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 1-2); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). As of the date of this Order, no objection to the Report has been filed.

    This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a Report, the Court may

adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson*, 618 F. Supp. at 1189); *Wilds v. United Parcel Service, Inc.*, 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record" (internal citations and quotation marks omitted).).

At the February 9, 2016 oral argument on this motion, Magistrate Judge Pitman found that dismissal for failure to prosecute this matter was unwarranted. (Oral Arg. Tr. ("Tr."), ECF No. 32, at 3:3-6:14, 26:2-7.) While courts in this Circuit "have frequently found that delays of less than one year are unreasonable," *Antonio v. Beckford*, No. 05-CV-2225, 2006 WL 2819598, at *2 (S.D.N.Y. Sept. 29, 2006) (collecting cases), the Second Circuit has acknowledged that dismissal for lack of prosecution is a "harsh remedy" and is appropriate only in "extreme situations." *See U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

The Court is satisfied that the Report contains no clear error and adopts the Report in its entirety. Defendant's motion to dismiss pursuant to Rule 41(b) is DENIED.

The Clerk of Court is directed to close the motion at ECF No. 12.

Dated: New York, New York
      March 14, 2016

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge