```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

FREDKIEY HURLEY, individually,      :

                  Plaintiff,        :   15 Civ. 2785 (GBD)(HBP)

    -against-                       :   REPORT AND
                                        RECOMMENDATION
TOZZER, LTD. d/b/a/                 :
NIAGARA, a New York for
profit corporation,                 :

                  Defendant.        :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE GEORGE B. DANIELS, United States District Judge,

I. Introduction

Plaintiff brings this action pursuant to Title II of the Americans with Disability Act ("ADA"), 42 U.S.C. §§ 12181 et seq., seeking a declaration that defendant's premises violated the accessibility requirements of the ADA and that, as a result, plaintiff was denied access to goods or services on defendant's property. Defendant has filed a motion to dismiss the action pursuant to Fed.R.Civ.P. 37(d) and 41(b) because (1) plaintiff failed to provide adequate and timely responses to defendant's discovery requests and (2) plaintiff's counsel failed to appear

at two court conferences in October 2015 (Def. Notice of Mot. to Dismiss Pursuant to Fed.R.Civ.P. 37(d) and 41(b), dated Aug. 10, 2016, (Docket Item ("D.I.") 48) ("Def. Notice of Motion"); Mem. of Law in Supp. of Def. Mot. to Dismiss Pursuant to Fed.R.Civ.P. 37(d) and 41(b), dated Aug. 10, 2016 (D.I. 49) ("Def. Mem.")). For the reasons discussed below, I respectfully recommend that defendant's motion be denied.

II.  Facts

     This is the second time defendant has moved to dismiss this action due to plaintiff's alleged discovery failures. After plaintiff's counsel failed to appear at two case management conferences scheduled in October 2015, I granted defendant leave to file a motion to dismiss (Memo Endorsement, dated Nov. 17, 2015 (D.I. 10)). Defendant filed that motion on January 4, 2016 and sought sanctions based on both plaintiff's counsel's failure to appear at the two court conferences and plaintiff's failure to respond to defendant's first set of interrogatories and requests for production of documents (Def. Notice of Mot. to Dismiss Pursuant to Fed.R.Civ.P. 37(d) and 41(b), dated Dec. 14, 2015 (D.I. 12)).

     I heard oral argument on the motion to dismiss on February 9, 2016 (Transcript of Proceedings, dated Feb. 9, 2016

(D.I. 32) ("Feb. 9, 2016 Hearing Transcript")). Plaintiff's counsel explained that she had failed to attend the October conferences and had failed to provide timely discovery responses because her dog was sick (see Feb. 9, 2016 Hearing Transcript at 9; Pl. Opp. to Def. Mot. to Dismiss Pursuant to Fed.R.Civ.P. 37(d) and 41(b) with Supporting Mem. of Law, dated Dec. 28, 2015 (D.I. 17) at 2-3). After finding that this excuse was inadequate, and did not explain why plaintiff's counsel did not, at least, request an adjournment, I concluded that the appropriate sanction was an Order directing plaintiff's counsel to reimburse defendant for the reasonable attorney's fees it incurred as a result of its counsel attending these two conferences (Feb. 9, 2016 Hearing Transcript at 26-28; Order, dated Feb. 17, 2016 (D.I. 30) ¶¶ 1-2). In addition, because plaintiff failed to respond to defendant's document requests and interrogatories in a timely manner, I concluded that all of plaintiff's objections to those requests had been waived and directed plaintiff to produce all responsive documents and to answer defendant's interrogatories by February 23, 2016 (Feb. 9, 2016 Hearing Transcript at 26; Order, dated Feb. 17, 2016 (D.I. 30) ¶¶ 3-4). Given that the case had been pending for only one year, I found that the delay caused by plaintiff's counsel was not sufficiently lengthy to warrant dismissal and recommended that the motion to dismiss be

3

denied (Feb. 9, 2016 Hearing Transcript at 26). My rulings on the parties' discovery disputes as well as my report and recommendation on defendant's initial motion to dismiss were made on the record and memorialized in two written documents (Report & Recommendation, dated Feb. 17, 2016 (D.I. 29); Order, dated Feb. 17, 2016 (D.I. 30)). Judge Daniels adopted my recommendation to deny the motion to dismiss on March 14, 2016 (Order, dated Mar. 14, 2016 (D.I. 34)).

In its pending motion to dismiss, defendant renews its argument that dismissal is warranted because plaintiff's counsel failed to appear at the two October 2015 conferences and also argues that plaintiff failed to timely and adequately comply with my February 2016 discovery Order directing plaintiff to produce documents and provide revised responses to defendant's interrogatories (Def. Mem. at 1). I held a conference on October 24, 2016 to discuss the parties' discovery disputes. At that conference, counsel for plaintiff represented that she had produced all responsive material in plaintiff's possession, custody or control and that anything that was not produced had been lost or destroyed due to a malfunction in counsel's computer backup systems. After hearing from counsel, I ordered plaintiff to conduct additional searches for responsive material, to contact third parties in an effort to locate the missing files and to submit a

declaration from plaintiff himself confirming that he has searched his own records for documents responsive to defendant's document requests. My rulings were memorialized in a written order (Order, dated Dec. 1, 2016 (D.I. 56)). Neither party has raised any issue with me since the October 24, 2016 conference.

III. Analysis

    A. Rule 37 Motion --
       Legal Standards

Although defendant cites to Rule 37(d) in its motion to dismiss, the motion is more properly analyzed under Rule 37(b). "Rule 37(d) establishes sanctions that may be imposed on a party when the party fails to appear for a deposition, fails to answer interrogatories or fails to honor a Rule 34 request to inspect." Salahuddin v. Harris, 782 F.2d 1127, 1130 (2d Cir. 1986) (footnote omitted). "Rule 37(b)(2) contains a non-exclusive list of sanctions that may be imposed on a party when the party 'fails to obey an order to provide or permit discovery.'" Salahuddin v. Harris, supra, 782 F.2d at 1131, quoting Fed.R.Civ.P. 37(b)(2)(A). Defendant's present motion is premised on plaintiff's alleged failure to comply with my February 9, 2016 Order by providing inadequate responses to the discovery requests addressed in that Order (Def. Mem. at 5-9). Thus, this motion is

5

more properly construed as a motion for sanctions under Rule 37(b). See Flaks v. Koegel, 504 F.2d 702, 705 n.2 (2d Cir. 1974) ("[T]he reference in [Rule 37] subsection (d) to a failure to respond to interrogatories does not cover the submission of some but not all answers, or the submission of all answers, some of which are inadequate.  Rather, it contemplates only a serious or total failure to respond."); Zino Davidoff SA v. Selective Distrib. Int'l Inc., 07 Civ. 10326 (PAE)(MHD), 2013 WL 1245974 at *12 (S.D.N.Y. Mar. 8, 2013) (Dolinger, M.J.) (Report & Recommendation) (noting that each provision of Rule 37 provides for different types of sanctions and stating that "while the discovery rules lay out a broad array of potential sanctions to be utilized at the court's discretion, they specify some predicates for their exercise"), adopted at, 2013 WL 1234816 (S.D.N.Y. Mar. 27, 2013) (Engelmayer, D.J.).

The factors relevant to the determination of the appropriate sanction under Rule 37(b) include:  "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302-03 (2d Cir. 2009) (quotation marks and citations omitted); accord

Bhagwanani v. Brown, 15-2828-CV, 2016 WL 6561486 at *1 (2d Cir. Nov. 4, 2016) (summary order); Metro Found. Contractors v. Arch Ins. Co., 551 F. App'x 607, 609 (2d Cir. 2014) (summary order).

"Because dismissal with prejudice is a particularly 'harsh remedy,' . . . it should only be used when a court finds 'willfulness, bad faith, or any fault' by the non-compliant party." Bhagwanani v. Brown, supra, 2016 WL 6561486 at *1 (citation omitted); see Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) (dismissal should not be imposed absent "willfulness, bad faith, or any fault" on the part of the party that failed to comply with its discovery obligations (citation and inner quotation marks omitted)); West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999) ("[B]ecause dismissal is a drastic remedy, it should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." (inner quotation marks and citations omitted)); Metro. Opera Ass'n v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union, 212 F.R.D. 178, 219 (S.D.N.Y. 2003) (Preska, D.J.) ("intentional behavior, actions taken in bad faith, or grossly negligent behavior justify severe disciplinary sanctions.").

The decision to impose sanctions "is committed to the sound discretion of the district court and may not be reversed

7

absent an abuse of that discretion." Luft v. Crown Publishers, Inc., 906 F.2d 862, 865 (2d Cir. 1990), citing, inter alia, Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976) (per curiam); see Doe v. Delta Airlines Inc., 15-3561-CV, 2016 WL 6989793 at *2 (2d Cir. Nov. 29, 2016) ("When faced with a 'breach of a discovery obligation [that] is the non-production of evidence, a District Court has broad discretion in fashioning an appropriate sanction.'" (citation omitted)).

    B.  Rule 37 Motion --
        Application of Legal Standards

Defendant's renewed motion to dismiss under Rule 37 should be denied because, on balance, the governing factors weigh against dismissal.

As an initial matter, I note that sanctions for plaintiff's counsel's failure to attend the October 2015 conferences have already been imposed. Although that conduct is relevant to the extent it may demonstrate a pattern of misbehavior, it cannot otherwise be re-cycled in support of the imposition of sanctions, particularly where, as here, the prior misconduct (failure to attend two conferences) is different in nature from the subsequent misconduct (failure to provide discovery). See United States v. National Med. Enter., Inc., 792 F.2d 906, 913 (9th Cir.

1986) ("We do not hold that the first two incidents cannot be considered in determining whether government counsel's conduct was deceptive and inconsistent with the orderly administration of justice.  We hold only that, in this case, they may not be used alone as a fulcrum to elevate the final incident of misconduct to a level that would allow dismissal of the action with prejudice.").  Although an attorney's conduct throughout a litigation is relevant to the issue of sanctions, an attorney is not punished twice for the same offense.  The real issue raised by the present motion is whether plaintiff's counsel has engaged in additional misconduct which, when viewed in conjunction with the prior misconduct, warrants dismissal.

With respect to the first factor governing Rule 37 sanctions, the willfulness of the non-compliant party, although there is evidence that plaintiff's counsel's delay in providing discovery is inexcusable, there is no evidence of willfulness.  In plaintiff's opposition to the renewed motion to dismiss and in a discovery conference before me on October 24, 2016, plaintiff's counsel represented that she conducted a diligent search for documents responsive to defendant's requests and that she produced whatever was in plaintiff's possession, custody or control.  Counsel also stated that many of the documents that plaintiff failed to produce were inadvertently lost as a result of computer

9

malfunctions.  At the October 24, 2016 conference, I ordered plaintiff and his counsel to make additional efforts to locate and produce responsive documents.  I have not received any subsequent claims from defendant that plaintiff or his counsel have failed to comply with my directives.  Although plaintiff's counsel appears to be disorganized, there is no evidence that she or her client has acted in bad faith.  Thus, the lack of wilfulness or bad faith on the part of plaintiff and his counsel weigh against the harsh sanction of dismissal.

As to the second factor, the efficacy of lesser sanctions, it does not appear that lesser sanctions would be effective here.  The documents defendant seeks have been destroyed and neither party has suggested there is any sanction that would put defendant in the position he would have been in had the documents been produced.  On the other hand, the documents that have been destroyed are related to plaintiff's prior litigations against non-parties and are only marginally relevant to the issue of whether defendant's establishment was in compliance with the ADA.  Thus, this factor weighs slightly in favor of dismissal.

As to the third factor, the duration of the period of non-compliance, although plaintiff's earlier discovery failures did delay the case for a period of time, those lengthy failures have not persisted.  Although defendant takes issue with the

substance of plaintiff's discovery responses, with the exception of missing a deadline by six days (Def Mem. at 4), the record does not show that after my decision on the first motion to dismiss, plaintiff has delayed responding to discovery requests without either defendant's consent or leave of the court.  Thus, this factor weighs against dismissal.

Finally, as to the fourth factor, plaintiff has been warned of the consequences of non-compliance at the discovery conferences before me.  Indeed, plaintiff and his counsel have already been subject to sanctions for failing to comply with their discovery obligations in the past.  Because the record shows that plaintiff has not been fully compliant with the deadlines I set in my previous discovery orders, this factor weighs slightly in favor of dismissal.

Accordingly, although two of the Rule 37 factors weigh slightly in favor of dismissal, defendant has not identified any compelling facts that would justify the extreme sanction of dismissal.  Therefore, defendant's motion to dismiss under Rule 37 should be denied.

C.  Rule 41(b) Motion --
    Legal Standards

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." However, "Rule 41(b), Fed.R.Civ.P., governs dismissals based on the plaintiff's failure to prosecute and not sanctions based on a failure to comply with discovery orders[.]" New Pac. Overseas Group (USA) Inc. v. Excal Int'l Dev. Corp., 99 Civ. 2436 (DLC), 99 Civ. 3581 (DLC), 2000 WL 97358 at *5 (S.D.N.Y. Jan. 27, 2000) (Cote, D.J.), citing Salahuddin v. Harris, supra, 782 F.2d at 1133-34; see Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 212 (1958) ("whether a court has power to dismiss a complaint because of noncompliance with a production order depends exclusively upon Rule 37, which addresses itself with particularity to the consequences of a failure to make discovery . . . There is no need to resort to Rule 41(b), which appears in that part of the Rules concerned with trials and which lacks such specific references to discovery."); accord Chambers v. NASCO, Inc., 501 U.S. 32, 49 n.14 (1991).

Nonetheless, courts have found that "the five factors considered by courts in a Rule 41(b) motion provide a useful

guideline in determining whether dismissal is an appropriate sanction pursuant to Rule 37."  New Pac. Overseas Group (USA) Inc. v. Excal Int'l Dev. Corp., supra, 2000 WL 97358 at *5; see also Colella v. N.Y.C. Trans. Authority, 12 Civ. 6041 (GBD)(MHD), 2014 WL 7967835 at *2-*3 (S.D.N.Y. Dec. 2, 2014) (Dolinger, M.J.) (Report & Recommendation) (analyzing a motion to dismiss under Rule 37 and stating that "the court may view Rule 41(b) as an appropriate source of authority"), amended in part on other grounds, 2015 WL 906168 (S.D.N.Y. Mar. 3, 2015) (Daniels, D.J.).

The factors relevant to a motion to seeking dismissal pursuant to Rule 41 overlap substantially with the factors applicable to a motion to dismiss under Rule 37 and include:

> (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001); Manigaulte v. C.W. Post of Long Is. Univ., 533 F. App'x 4, 6 (2d Cir. 2013) (summary order).  In resolving a motion under Rule 41, "a district court is not required to discuss each of the factors on the record."  Martens v. Thomann, supra, 273 F.3d at 180.

D.  Rule 41(b) Motion --
    <u>Application of Legal Standards</u>

Defendant has moved to dismiss under Rule 41(b) based on plaintiff's "lack of due diligence in the prosecution of the lawsuit" (Def. Mem. at 9-10).  However, the only non-discovery related misconduct cited in defendant's motion is plaintiff's counsel's failure to attend two court conferences in October 2015.  As noted above, plaintiff was already sanctioned for this misconduct (Feb. 9, 2016 Hearing Transcript at 26-28; Order, dated Feb. 17, 2016 (D.I. 30)).  Further, the new matters raised by defendant, plaintiff's alleged failure to comply with my February 2016 discovery order, are discovery related matters that are properly addressed through a Rule 37 motion.

Furthermore, even if I consider the two additional considerations applicable to a Rule 41(b) motion -- prejudice to the movant and balancing due process with calendar concerns -- the extreme sanction of dismissal would still not be warranted.  With respect to prejudice, defendant argues that if plaintiff had produced discovery on time, the documents may have been produced before counsel's computer malfunction.  This argument is pure speculation and this factor is, therefore, neutral.  Further, although the conduct of plaintiff and his counsel have delayed

the case and wasted judicial resources on non-substantive issues, I find that plaintiff's right to due process and to be heard on his disability claims, the national interest manifested in the ADA in removing barriers to accessibility and the policy in favor of resolving claims on the merits outweighs the court's interest in "alleviating calendar congestion."  Therefore, defendant's motion to dismiss under Rule 41(b) should be denied.  See generally Am. All. Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996) ("[s]trong public policy favors resolving disputes on the merits."); Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995) (collecting cases that demonstrate the "preference that litigation disputes be resolved on the merits, not by default"); Fershtadt v. Verizon Commc'ns Inc., 07 Civ. 6963 (CM), 2009 WL 8638119 at *2 (S.D.N.Y. Oct. 7, 2009) (McMahon, D.J.) (in context of motion to amend, noting that "the policy considerations that undergird the Federal Rules counsel in favor of affording litigants an opportunity to resolve their claims on the merits."); Metro. Opera Ass'n v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union, supra, 212 F.R.D. at 181 ("The judicial system prefers to resolve controversies on the merits").

IV.  Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that defendant's motion to dismiss (D.I. 48) be denied.

V.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable George B. Daniels, United States District Judge, 500 Pearl Street, Room 1310, New York, New York 10007, and to the Chambers of the undersigned, 500 Pearl Street, Room 1670, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Daniels.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.

1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir. 1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983) (<u>per curiam</u>).

Dated: New York, New York
       February 10, 2017

                                        Respectfully submitted,

                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

All Counsel