UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FREDKIEY HURLEY,

       Plaintiff,

  -against-

TOZZER, LTD. d/b/a/ NIAGARA, a New York for
profit corporation,

       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



MEMORANDUM DECISION
AND ORDER
15 Civ. 2785 (GBD) (HBP)

GEORGE B. DANIELS, United States District Judge:

  Plaintiff Fredkiey Hurley initially filed this action on April 9, 2015 seeking a declaration that Defendant's premises violated Title II of the Americans with Disability Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*, by denying him access to goods or services on Defendant's property. (Compl., ECF No. 1.) On August 10, 2016, Defendant filed a motion to dismiss the action pursuant to Federal Rules of Civil Procedure 37(d)[1] and 41(b) ("Rule 37(d) and 41(b)"). (Def. Mot. to Dismiss ("Def. Mot."), ECF No. 48.) Defendant alleges that "Plaintiff has failed to prosecute the action, failed to comply with orders of the Court, and failed to provide proper responses to Defendant's First Set of Interrogatories and Request for Production of Documents . . ." (*Id.* at 1.)[2]

---

[1] Although Defendant's motion to dismiss is based on Rule 37(d), a more appropriate analysis is conducted under Rule 37(b), as "Rule 37(b)(2) contains a non-exclusive list of sanctions that may be imposed on a party when the party 'fails to obey an order to provide or permit discovery.'" *Salahuddin v. Harris*, 782 F.2d 1127, 1131 ((2d Cir. 1986) (quoting Fed.R.Civ.P. 37(b)(2)(A)); (Report, at 5-6.) Here, the sanction being sought is dismissal.

[2] Defendant first filed a motion to dismiss on January 4, 2016 based on Plaintiff's counsel failure to appear at two other case management conferences in October 2015 and failure to respond to Defendant's first set of interrogatories and requests for production of documents. (Def. Mot. to Dismiss, ECF No. 12, at 1.) While the motion to dismiss was denied, Plaintiff's counsel was ordered to reimburse Defendant for reasonable attorney's fees incurred as a result of its counsel attending the two conferences. (Judge Pitman's Order, ("Order"), ECF No. 30, at 1.)

This matter was referred to Magistrate Judge Henry Pitman. (ECF No. 9.) Before this Court is Magistrate Judge Pitman's Report and Recommendation, ("Report," ECF No. 57), recommending that this Court deny Defendant's motion to dismiss. (*Id.* at 2.)[3] The Report contains no clear error of law and this Court adopts the Report in full.

## I. LEGAL STANDARD

This Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report, at 16); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). No party has filed objections.

## II. RULE 37(B) MOTION

The weighted factors relevant under a 37(b) analysis to determine appropriate sanctions include: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficiency of lessor sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (quotation marks and citations omitted). The Report properly balanced Defendant's claims under these four factors. First, the Report correctly found that Plaintiff's conduct does not amount to willful noncompliance because

---

[3] The relevant procedural and factual background is set forth in greater detail in the Report and is incorporated herein.

Plaintiff's counsel represented that she diligently searched for and produced all documents in Plaintiff's possession, custody, or control that were not lost due to computer malfunctions. (Report, at 9-10.) Second, the Report accurately determined that, although the destroyed documents are only marginally relevant to the claim, no lesser sanction will provide Defendant with the requested discovery documents. (Report, at 10.) Third, the Report properly found that with exception to a six-day delay, Plaintiff's delays with discovery requests have been either with Defendant's consent or leave of the court. (Report, at 10-11.) However, the Report does find that Plaintiff failed to fully comply with discovery deadlines following Judge Pitman's warnings. (Report, at 11.)

The Report held that Plaintiff failed to allege sufficient facts to justify the extreme sanction of dismissal. (Report, at 11.) This Court finds no clear error with Magistrate Judge Pitman's recommendation that Defendant's motion to dismiss pursuant to Rule 37(b) be denied. (*Id.*)

### III.   RULE 41(B) MOTION

Two additional considerations applicable to a Rule 41(b) motion are: "(1) whether the defendant is likely to be prejudiced by further delay; and (2) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001). The Report properly held that Plaintiff's right to due process and to be heard on his disability claims, the national interest manifested in the ADA in removing barriers to accessibility, and the policy in favor of resolving claims on the merits outweigh the court's interest in alleviating congestion. (Report, at 14-15.) Accordingly, this Court accepts Judge Pitman's recommendation that Defendant's motion to dismiss pursuant to Rule 41(b) be denied. (*Id.* at 15.)

## IV. CONCLUSION

Having adopted the Report in full, Defendant's motion to dismiss is DENIED. The Clerk of Court is directed to close the motion at ECF No. 48.

Dated: New York, New York
 March ____, 2017

MAR 2 1 2017

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

4