UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

FREDKIEY HURLEY, individually,              Index No.: 15-cv-2785 (GBD)(HBP)

                      Plaintiff,

     -against-                            **AFFIDAVIT IN SUPPORT**

TOZZER, LTD. d/b/a NIAGRA,               **OF MOTION FOR SUMMARY**
                                          **JUDGMENT**

                    Defendant.

--------------------------------------------------------X

STATE OF NEW YORK    )
                          ):ss.
COUNTY OF NEW YORK  )

      BEFORE ME, the undersigned authorized to take oaths, this day personally appeared LAURA FLAUTO-MCCARTHY, affiant, who first being duly sworn, deposes and says:

      1.      I am a shareholder and the President of TOZZER, LTD, which that leases the subject store front and operates a bar called Niagara at 112 Avenue A, New York, New York. I am fully familiar with the facts set forth and described herein based upon my personal knowledge.

      2.      I submit this affidavit in support of Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

      3.      112 Avenue A, New York, New York is an old law tenement that consists of a store front on the ground level and six (6) residential apartments above built between 1879 and 1901. TOZZER, LTD has no involvement with the apartments or an ownership interest in the building. But I have personal knowledge concerning the store front and the bars that have operated there since the 1980s.

1

4.      From approximately 1980 to 1984 the bar operating at 112 Avenue A was called A7.  Many music enthusiasts believe that A7 started the punk and hardcore music scene in the City of New York because it was the first venue to invite such bands to perform for its patrons. Jesse Malin, another shareholder of TOZZER, LTD, and I were patrons of A7.

5.      A7 closed for business sometime in 1984 and a bar called King Tut's Wah Wah Hut occupied the space thereafter.   I recall that King Tut's Wah Wah Hut remained there until the end of 1991, when the landlord of the building offered to lease me the space.

6.      TOZZER, LTD was incorporated solely for the ownership of the bar at 112 Avenue A, and leased the store front on or about January 13, 1992.  I have been a shareholder and President of TOZZER, LTD since its inception.  A true and accurate copy of the New York State corporate information for TOZZER, LTD. is attached to this affidavit.

7.      After TOZZER, LTD leased the subject space, the bar remained closed for a short period of time, during which we painted and cleaned.   My partners and I decided that we wished preserve the historical significance of the bar so we did not any changes to entrance, bar, interior steps, bathrooms and the configuration of the bar.

8.      In October 2013, a plaque was hung in the rear performance area to mark the history associated with the space.  A true and accurate photograph of the plague is attached to this affidavit.

9.      The entrance to Niagara, including the two exterior steps, is the same entrance and steps that was used by A7.  TOZZER, LTD has not made any renovations or changes to the entrance or two steps.

10.     The bar at Niagara is the same bar that was used at A7.   TOZZER, LTD has not made any renovations or changes to the bar.

11.     The interior stairs leading to the restrooms are the same interior stairs as when A7 occupied the space.  TOZZER, LTD has not made any renovations or charges to the interior stairs leading to the restrooms.

12.     The restrooms, including their dimensions and doors, are the same as it was when A7 occupied the space.  TOZZER, LTD has not made any renovations or changes to the restrooms.

13.     Thus, TOZZER, LTD has not made any changes or renovations to the entrance, two exterior steps, bar, three interior steps leading to the bathroom and the bathrooms.   The only worked performed by TOZZER, LTD to the subject areas was general maintenance, painting, cleaning, lighting and replacing any equipment that broke.

14.     I have reviewed the Plaintiff's alleged expert report, which merely lists alleged violations.  The report does not address compliance feasibility or propose methods of remediation.  Accordingly, I am unable to evaluate any purposed methods of compliance and whether they are ready achievable.

15.     The sidewalk abutting the entrance to Niagara is owned by the City of New York. The construction of the required ramp, implied by the Plaintiff's expert report, is not ready achievable because TOZZER, LTD is not authorized to use the sidewalk and any proposed ramp would obstruct the cellar doors.

16.     If a ramp were constructed on Avenue A it would obstruct the use the Niagara's cellar doors, which are used daily.  The cellar doors on Avenue A are critical to Niagara for deliveries, removing garbage and storage.   Niagara could not operate if the cellar doors on Avenue A were obstructed.

17.     If a ramp were constructed on East 7th it would obstruct the landlord's cellar doors. The cellar doors on East 7th is the only means of access to a portion of the basement that

was not leased to TOZZER, LTD because it contains the buildings mechanical systems, hot water heater, furnace and electrical panels, and various utility meters for the apartments above. The cellar doors on East 7th are critical to daily operation, particularly in the winter months when the tenants require hot water and heat.

18.     At the time of Plaintiff's alleged visit and prior, TOZZER, LTD provided wheelchair patrons with entrance assistance.   Niagara maintained a doorbell on the Avenue A entrance in the event a customer required assistance to enter.

19.     Niagara maintains a temporary ramp and signage. A true and accurate photograph showing the doorbell and signage is attached hereto.

20.     Plaintiff's purported expert alleged that Niagara failed to provide a ramp to bathrooms, without addressing its feasibility.  According to my expert the required interior ramp would measure over 21 feet in length and would occupy a substantial amount of the space adjacent to the bar.  Such a ramp would prohibit Niagara from operating as it would prevent the service of patrons at the bar.  Accordingly, we use the aforementioned temporary ramp to grant wheelchair patrons access to the restrooms.

21.     Plaintiff's purported expert claims violations with the bar and table heights.   First, Niagara does not utilize tables in the bar area.  To accommodate wheelchair patrons, however, Niagara does provide, upon request, a table that complies with the ADA.

22.     In addition, TOZZER, LTD have made the following readily achievable changes to Niagara:

    (A)     One restroom was designated for handicap use.   A true and accurate photograph showing the designation is attached hereto.

(B)     Hand dyer was installed for patrons who would not reach the paper towel dispenser.  A true and accurate photograph showing the hand dryer in the handicap designated restroom is attached hereto.

(C)     Grab bars were installed in the handicap designated restroom.  A true and accurate photograph showing the grab bars in the handicap designated restroom is attached hereto.

(D)     Handicap accessible hardware, door handle and facet knobs, were installed in the restroom designated for handicap use.   A true and accurate photograph showing the hardware is attached hereto.

(E)     The exposed pipe in the handicap designated restroom was covered.  A true and accurate photograph showing the covered pipe in the handicap designated restroom is attached hereto.


23.     On multiple occasions, individuals in wheelchairs and other disabilities have accessed, participated in and benefited from the service and music at Niagara.   Defendant has always provided these individuals with an equal opportunity to visit and use Niagara.

LAURA FLAUTO-MCCARTHY

Sworn to before me this
29th day of June, 2017

Notary Public
STEVEN DISIERVI
No. 02DI6023343
State of New York
County of Kings
04/19/15 to 04/19/19

5

Plague



Doorbell and Signage



Handicap Designated Restroom and Door Knob



Grab Bars



Covered Sink Pipe and Hardware



Hand Dryer



# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through June 26, 2017.

Selected Entity Name: TOZZER, LTD.
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | TOZZER, LTD. |
| **DOS ID #:** | 1602529 |
| **Initial DOS Filing Date:** | JANUARY 13, 1992 |
| **County:** | NEW YORK |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
TOZZER, LTD.
112 AVE A
NEW YORK, NEW YORK, 10009

**Chief Executive Officer**
LAURA FLAUTO-MCCARTHY
112 AVENUE A
NEW YORK, NEW YORK, 10009

**Principal Executive Office**
LAURA FLAUTO-MCCARTHY
200 4TH ST
GREENPORT, NEW YORK, 11944

**Registered Agent**
NONE

This office does not record information regarding
the names and addresses of officers, shareholders
or directors of nonprofessional corporations except
the chief executive officer, if provided, which
would be listed above. Professional corporations
must include the name(s) and address(es) of the
initial officers, directors, and shareholders in the
initial certificate of incorporation, however this
information is not recorded and only available by
viewing the certificate.

**\*Stock Information**

**# of Shares  Type of Stock  $ Value per Share**

200                No Par Value

\*Stock information is applicable to domestic business corporations.

**Name History**

**Filing Date   Name Type   Entity Name**

JAN 13, 1992  Actual          TOZZER, LTD.

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in
New York State. The entity must use the fictitious name when conducting its activities or business in
New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search