UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

FREDKIEY HURLEY, individually,                     Index No.: 15-cv-2785 (GBD)(HBP)

                              Plaintiff,

        -against-

TOZZER, LTD. d/b/a NIAGARA,

                              Defendant.

--------------------------------------------------------X


### REPLY BRIEF IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT

Steven DiSiervi, Esq. (SD-2511)
ABRAMS, GORELICK, FRIEDMAN &
JACOBSON, LLP
Attorneys for Defendant
One Battery Park Plaza – 4th Floor
New York, New York 10004
(212) 422-1200

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. ii

I.   STATEMENT OF UNDISPUTED FACTS ................................................. 1

II.  ARGUMENT .................................................................................................. 1

    A.  Plaintiff's Complaint Must be Dismissed Because He Has Not Met His
        Burden On The Readily Achievable Standard............................................ 1

    B.  Plaintiff's Complaint Must Be Dismissed Because He Lacks Standing ..... 8

III. CONCLUSION................................................................................................ 21

## TABLE OF AUTHORITIES

**CASES**

*Borkowski, v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 138 (2nd Cir. 1995).....................................3

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 957 (9th Cir. 2011)...............................5

*Colorado Cross Disability Coalition v. Hermanson Family Ltd.*, 264 F.3d 999
    (2nd Cir., 2001)....................................................................................................2

*Harty v. Greenwich Hosp. Group LLC,* 536 Fed. Appx. 154 (2nd Cir. 2013) ........................4

*Kreisler v. Second Avenue Dinner Corp.*, 71 F.3d 184, 187 (2nd Cir. 2013)........................1, 5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ................................2

*Norkunas v. Seahorse NB*, 444 Fed. App. 412 (11th Cir. 2011) ................................................6

*Panzica v. Mas-Maz*, 2007 WL 1732123 (E.D.N.Y. 2007)........................................................3

*Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 373 (2nd Cir. 2008) .........................................3

*Warth v. Seldin*, 422 U.S. 490, 501 (1975)................................................................................6

**STATUTES**

28 CFR 36.304.............................................................................................................1

42 U.S.C. § 12182(b)(2)(A)(iv) .................................................................................1

## I.   STATEMENT OF UNDISPUTED FACTS

Plaintiff's counsel offers no evidence, fact or expert, in opposition to Defendant's motion for summary judgment as Plaintiff relies solely upon the evidence submitted by Defendant. While Plaintiff's reference to the Defendant's evidence, at times, was incorrect, Plaintiff admits one crucial fact. Plaintiff admits that the subject space is an existing facility that has not changed since 1980. Thus, the readily achievable standard applies as set forth in 42 U.S.C. § 12182(b)(2)(A)(iv).

In addition, Plaintiff's opposition is devoid of any evidence disputing that the alleged Violations[1] 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15 are moot. Plaintiff's opposition only addresses three alleged violations: inaccessible front entrance due to steps (Violation 1), improper bar height (Violation 4), and steps preventing travel to restroom (Violation 5).

Finally, Plaintiff does not offer any proposal, conceptual of otherwise, for barrier removal regarding the steps leading to the bathroom, Violation 5. Plaintiff's silence is an admission that there are no "readily achievable" accommodations with respect to the stairs leading to the bathroom.

## II   ARGUMENT

### PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE HE HAS NOT MET HIS BURDEN ON THE READILY ACHIEVABLE STANDARD.

The Second Circuit has held that the initial burden is on the plaintiff to "articulate a plausible proposal for barrier removal, the costs of which, facially, do not clearly exceed its benefits." *Kreisler v. Second Avenue Dinner Corp.,* 71 F.3d 184, 187 (2nd Cir. 2013).   Only when such a showing is made does the burden shifts to the defendant to "prove that the proposals

---

[1] For the sake of brevity and simplicity Defendant will utilize the same references for Plaintiff's alleged violations as contained in its Memorandum of Law.   (See DiSiervi, Memo of Law, p. 6).

1

were not readily achievable." *Kreisler*, 71 F.3d at 187.   Plaintiff's opposition offers no

description of the proposed barrier removal, evidence of its cost, or analysis showing that the

cost of the proposed barrier removal "do not clearly exceed its benefits."   Thus, Defendant is

entitled to summary judgment as Plaintiff failed to meet his burden.   *See Matsushita Elec. Indus.*

*Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

Plaintiff argues "[i]t does not take a genius to determine whether the costs of providing a

compliant temporary ramp outweighs the benefits of ending discrimination." In addition, "[i]t

does not take an expert to determine whether having a removable drop down section of the bar

that is the proper, compliant height so as to permit individuals in wheelchairs to sit at the bar."

Both of these arguments are not sufficient to defeat Defendant's motion as they do not satisfy

Plaintiff's burden.  Moreover, Plaintiff's arguments are insufficient as Defendant provided

sufficient evidence that it already provides a temporary ramp and removalbe table.  (DiSiervi,

Decl. in Supp., Exhibit "I").

In *Colorado Cross Disability Coalition v. Hermanson Family Ltd.*, plaintiff brought a

series of ADA actions to compel the installation of ramps at various buildings.  *Colorado Cross*

*Disability Coalition v. Hermanson Family Ltd.*, 264 F.3d 999 (2nd Cir., 2001).  The plaintiff in

*Colorado Cross Disability Coalition* offered expert testimony suggesting a ramp design without

any consideration as to its cost or whether it was actually feasible. *Id*. at 1007-1008.  Defendant

moved for judgment as a matter of law, which was granted by the district court.  *Id.* at 1001.

On appeal, the Court of Appeals held that the plaintiff failed to meet its burden as its expert only

offered conceptual ideas without costs estimates or analysis.  *Id.* at 1009.

In this matter, Plaintiff's counsel, not an expert, offers two conceptual ideas of barrier

removal without any description, cost, estimate or feasibility analysis.  Thus, like *Colorado*

*Cross Disability Coalition*, Plaintiff failed to meet its burden. *See Panzica v. Mas-Maz*, 2007 WL 1732123 (E.D.N.Y. 2007) (District court held the mere expert suggestion of a barrier removal method without some analysis as to feasibility and cost was insufficient to meet the plaintiff's burden).

In support of its motion for summary judgment, Defendant offered the affidavit of Laura Flauto-McCarthy, which establishes that Defendant maintains a door bell system with a temporary ramp.   (DiSiervi, Decl. in Supp., Exbibit "I" pp. 4 and 7).   The temporary ramp is used to assist wheelchair patrons gain entry into the bar and to the restrooms.   (DiSiervi, Decl. in Supp., Exhibit "I" par. 20).  The temporary ramp is as wide was the entrance way.   (Reply Decl. DiSiervi, Exhibit "A").  Thus, Plaintiff is merely suggesting barrier removals that Defendant currently utilizes.

With respect to Plaintiff's suggestion of a removable dropdown section of the bar, Plaintiff completely ignores the evidence that Defendant provides, upon request, an ADA compliant table for patrons.    (DiSiervi, Decl. in Supp., Exhibit "I" par. 21). Thus, Plaintiff is merely suggesting barrier removals that Defendant utilizes.

Accordingly, Niagara is entitled to summary judgment because Hurley has failed to meet his initial burden of "articulating a plausible proposal for barrier removal, the costs of which, facially, do not clearly exceed its benefits," *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 373 (2nd Cir. 2008), quoting *Borkowski, v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 138 (2nd Cir. 1995).

## II.

## <u>PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE HE LACKS STANDING</u>

At the summary judgment stage, the generalized allegations of standing permissible to survive a motion to dismiss are not adequate.   Rather, a plaintiff must set forth specific facts, in affidavits or through other evidence, demonstrating that each element of standing: (1) past injury to the plaintiff, (2) the allegedly discriminatory treatment will continue, and (3) plaintiff intends to return to the premises. *See Harty v. Greenwich Hosp. Group LLC,* 536 Fed.Appx. 154 (2nd Cir. 2013).

With respect to the first prong of the standing requirement, injury-in-fact, Defendant moved to dismiss alleged Violations (2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15) which Plaintiff did not encounter or have knowledge of.    Plaintiff's counsel claims that Hurley encountered the steps leading to the restroom, which prevented him from using the bathroom. However, Plaintiff's counsel argument is not supported by his deposition testimony.

Plaintiff during his deposition unequivocally testified that he did not use the restroom because he did not wish to wait in line.  More particularly, Plaintiff testified as follows:

    Q.     Did you use the restroom at all while you were in Niagara Bar?
    A.     I tried to.

    Q.     Where was the restroom in the bar?
    A.     I couldn't get in because there was a lot of people online for the bathroom.

    Q.     Did you ever try to enter the bathroom?
    A.     No.

    Q.     Why did you not try to enter the bathroom?
    A.     Because there too many people in line so I left.  That's why I only stayed an hour.

(DiSiervi Decl., Ex. G, 15:10-15:19).

Although not raised by Plaintiff, this Court may look to *Kreisler* for guidance on whether the Plaintiff sustained an injury-in-fact.  In *Kreisler* the Second Circuit held that the plaintiff, who was unable to gain access due to an entrance barrier, has standing as to all alleged barriers. 731 F.3d at 188.

In *Kreisler,* plaintiff could not enter a diner due to a large entrance step. 731 F.3d at 186. The diner argued that the plaintiff lacked standing as to interior barriers because he never attempted to enter and thus never encountered the barriers. *Id*. at 188. The *Kreisler* plaintiff was unaware of the other alleged barriers (*i.e.*, those he did not encounter, but would have if he could enter) prior to filing his lawsuit. *Id*.   The Second Circuit found that since the plaintiff had standing as to the entrance barrier, he had standing as to all barriers "related to his disability that he would likely encounter were he able to access the Diner." *Id*. The Second Circuit held that it "need not consider whether a plaintiff has standing to challenge ADA violations that he became aware of after the lawsuit's commencement." *Id*.

*Kreisler* is distinguishable on two grounds. First, unlike *Kreisler,* Hurley was not aware of any alleged barriers other than the front steps.  (DiSiervi Decl., Ex. G, 29:5-29:9 and 60:17-60:22).   Indeed, he was not even aware of any other barriers at the time of his deposition. The list of additional barriers is thus entirely litigation driven and only supported by the unsigned, undated report of his alleged expert.  (DiSiervi Decl., Exs. D and E).  The Second Circuit specifically stated in *Kreisler* that it was not deciding whether standing would apply in a case like this. *Id*. This Court should rule that standing does not apply to alleged barriers that a plaintiff never encountered and knew nothing of, despite having full access to the premises. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 957 (9th Cir. 2011) (J. Smith, concurring) ("An encounter with an [ADA Accessibility Guidelines] defined barrier that a disabled person does

not notice or that does not affect the individual is not a 'distinct and palpable' injury.") (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

Second, the *Kreisler* plaintiff was unable to access the diner at all.   Here, in contrast, Hurley was able to access Niagara, and acknowledged that he was able to move about the bar freely.  Hurley testified as follows:

> Q.     When you were in Niagara in December of 2014, did you remain in the same for
>        an hour or did you move around?
> A.     I moved around.
>
> Q.     Where did you go?
> A.     I just moved around.

(DiSiervi Decl., Ex. G, 14:12-14:17).

This matter is more akin to *Norkunas v. Seahorse NB,* where plaintiff brought action against motel owner for various architectural barriers. *Norkunas v. Seahorse NB*, 444 Fed. App. 412 (11th Cir. 2011).   *Norkunas*, plaintiff made many visits to defendant's motel but never attempted to stay in the handicap accessible rooms. *Id* at 416.   However, Norkunas' complaint alleged that many architectural barriers, including the accessible rooms.     *Id.*   Seahorse challenged plaintiff's standing to bring the action, including the specific claims that the accessible rooms were not ADA compliant.     In deciding the standing issues, the Court of Appeals noted that "in addition to standing to bring suit, plaintiffs must have standing to bring each claim in the law suit." *Id* at 415.   While the court found that plaintiff had standing bring to suit, it held that he did not have standing to bring claims for the accessible rooms.   The court held:

> *"Norkunas did not attempt to avail himself of an accessible room. Because he did not experience discrimination as a result of his stay in a designated accessible room, he was not discriminated against through barriers contained therein and he does not meet the injury in fact requisite for standing. See Lujan, 504 U.S. at 560–61, 112 S.Ct. at 2136."*
> *Id at 416.*

With respect to the second prong of the standing requirement, the allegedly discriminatory treatment will continue, Plaintiff has not offered any evidence that Niagara currently has any of the alleged violations.   Plaintiff's opposition is devoid of any evidence disputing that the alleged Violations 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15 are moot. Assuming Plaintiff's conceptual suggestion of a temporary ramp and removable dropdown section of the bar meet its burden of proof, which it does not, Defendant already provides identical barrier removals for the front steps and bar.   (DiSiervi, Decl. in Supp., Exhibit "I"). Thus, Plaintiff's complaint should be dismissed as he cannot establish the second prong of the standing requirement, that the alleged discriminatory practice will continue.

With respect to the third prong of the standing requirement, plaintiff intends to return to the premises, Plaintiff has not offered any such evidence.     Rather, Plaintiff's counsel misconstrues the Plaintiff's deposition testimony suggesting that he returned to Niagara for a second visit.

Plaintiff's counsel claims "Hurley has already returned once to Niagara since filing his lawsuit."   (Demetriades, Memo of Law, p. 11).   However, Plaintiff's counsel neglects to advise this Court that Hurley neither attempted to enter Niagara nor has an intention of returning. Plaintiff testified as follows:

Q.   What was the purpose of your second visit?
A.   I just passed through it.  I just passed.

Q.   You just went passed it?
A.   I passed it and see can I get a drink, but I didn't want to go in there no more.

Q.   So the second time you went there, you were just passing by the bar?
A.   Yes.

Q.   The second time you passed by Niagara did you have any intention of going inside?

7

    A.    No.

(DiSiervi Decl., Ex. G, 16:8-16:21).

        Q.    As you sit here today, do you have any intention of returning to Niagara Bar?
        A.    Maybe.

        Q.    Is there any reason why since December of 2014 to today you have not gone back
              to Niagara?
        A.    No reason.

    (DiSiervi Decl., Ex. G, 17:11-14:16).

        In sum, Plaintiff has no factual predicate for standing to assert an ADA claim for
injunctive relief. There is little in the record or Plaintiff's opposition to show that Hurley will
ever return to Niagara.

<h2 style="text-align:center"><u>CONCLUSION</u></h2>

        The evidence reveals that Hurley has no injury in fact because he entered Niagara
and did not encounter almost all of the alleged violations.   Plaintiff was also not aware of any
barriers at the time of his deposition nor does he have an intent to visit Niagara, and
consequently cannot show that he sustained or is immediately in danger of sustaining some
direct injury.   Finally, most of the alleged violations are moot.   As such Hurley has no
standing to bring this action.   Most importantly, Hurley has failed to meet his burden of
proof that the removal of the barriers necessary to make Niagara compliant with the ADA
are readily achievable.

        For the above reasons, Defendants respectfully request this Court to grant their
motion for summary judgment.

Dated: New York, New York
       August 7, 2017

Respectfully submitted,
ABRAMS, GORELICK, FRIEDMAN &
JACOBSON, LLP
Attorneys for Defendant

By: _____
Steven DiSiervi
One Battery Park Plaza – 4th Floor
New York, New York  10004
(212) 422-1200

TO:      ADA ACCESSIBILITY ASSOCIATES
         Attorneys for Plaintiff
         1076 Wolver Hollow Road
         Oyster Bay, New York  11771
         (516) 595-5009
         Attn: Tara Demetriades, Esq.

9