```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/2/18.
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

FREDKIEY HURLEY,                         :

                    Plaintiff,           :      15 Civ. 2785 (GBD)(HBP)

      -against-                          :      REPORT AND
                                                RECOMMENDATION
TOZZER, LTD. d/b/a "Niagara,"            :

                    Defendant.           :

------------------------------------X

          PITMAN, United States Magistrate Judge:

          TO THE HONORABLE GEORGE B. DANIELS, United States

District Judge,

I.   Introduction

          By notice of motion dated and electronically filed on

June 30, 2017 (Docket Item ("D.I") 67), defendant moves for

summary judgment, pursuant to Fed.R.Civ.P. 56.  For the reasons

set forth below, I respectfully recommend that defendant's motion

be granted and that the complaint be dismissed.

II.  Facts

          Plaintiff Fredkiey Hurley commenced this action against

Tozzer, Ltd., d/b/a "Niagara" ("Niagara"), seeking injunctive

relief, attorney's fees and costs for alleged violations of the

Americans with Disabilities Act, 42 U.S.C §§ 12181 et seq. (the
"ADA") at Niagara, a bar located at 112 Avenue A in Manhattan.
Plaintiff, a disabled person bound to a wheelchair, alleged that
architectural barriers at Niagara prevented him from enjoying the
goods and services offered at Niagara (Complaint, dated April 9,
2015 (D.I. 1) ("Compl.") ¶¶ 4, 9-12). Specifically, plaintiff
alleged the front entrance to Niagara was inaccessible due to
steps and the lack of a ramp, the main bar counter was too high,
the dining area tables were not ADA compliant, and the men's
bathroom was inaccessible because a patron had to traverse stairs
to use it (Compl. ¶ 12). In total, plaintiff alleged fifteen
violations of the ADA (C. Jay Egilmez Report, undated, annexed to
Defendant's Memorandum of Law in Support of Motion for Summary
Judgment as Exhibit D (D.I. 67-6) ("Egilmez Report")).

        These allegations are based on a single visit by the
plaintiff to Niagara in December 2014 (Deposition of Fredkiey
Hurley, dated August 10, 2016, annexed to Defendant's Memorandum
of Law in Support of Motion for Summary Judgment as Exhibit G
(D.I. 67-10) ("Hurley Dep.") at 12, 15-16). During that visit,
plaintiff entered Niagara with the assistance of a good samaritan
because he was unable to traverse the entrance steps in his
wheelchair (Hurley Dep. at 12). Plaintiff testified that once
inside, he maneuvered freely through the interior of Niagara and

2

purchased two to three drinks at the bar (Hurley Dep. at 13-14, 29). He never entered or attempted to enter the men's restroom because there were too many people on line (Hurley Dep. at 15). Although plaintiff initially alleged that he returned to Niagara after this visit, plaintiff confirmed at his deposition that he has not returned to Niagara since December 2014 (Hurley Dep. at 9, 15-16).

III.   Analysis

    A.   Applicable Legal Principles

        1.   Summary Judgment Standard

        The standards applicable to a motion for summary judgment are well-settled and require only brief review.

> Summary judgment may be granted only where there is no genuine issue as to any material fact and the moving party . . . is entitled to a judgment as a matter of law.  Fed.R.Civ.P. 56(c).  In ruling on a motion for summary judgment, a court must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).  To grant the motion, the court must determine that there is no genuine issue of material fact to be tried.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).  A genuine factual issue derives from the "evidence [being] such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248, 106 S. Ct. 2505.  The nonmoving party cannot defeat summary judgment by "simply show[ing] that there is some metaphysi-

3

> cal doubt as to the material facts," <u>Matsushita Elec.</u>
> <u>Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586,
> 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986), or by a factual
> argument based on "conjecture or surmise," <u>Bryant v.</u>
> <u>Maffucci</u>, 923 F.2d 979, 982 (2d Cir. 1991).   The Su-
> preme Court teaches that "all that is required [from a
> nonmoving party] is that sufficient evidence supporting
> the claimed factual dispute be shown to require a jury
> or judge to resolve the parties' differing versions of
> the truth at trial."   <u>First Nat'l Bank of Ariz. v.</u>
> <u>Cities Serv. Co.</u>, 391 U.S. 253, 288-89, 88 S. Ct. 1575,
> 20 L.Ed.2d 569 (1968); <u>see also</u> <u>Hunt v. Cromartie</u>, 526
> U.S. 541, 552, 119 S. Ct. 1545, 143 L.Ed.2d 731 (1999).
> It is a settled rule that "[c]redibility assessments,
> choices between conflicting versions of the events, and
> the weighing of evidence are matters for the jury, not
> for the court on a motion for summary judgment."
> <u>Fischl v. Armitage</u>, 128 F.3d 50, 55 (2d Cir. 1997).

<u>McClellan v. Smith</u>, 439 F.3d 137, 144 (2d Cir. 2006) (brackets in

original); <u>accord</u> <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530

U.S. 133, 150-51 (2000)[1]; <u>Estate of Gustafson ex rel. Reginella</u>

<u>v. Target Corp.</u>, 819 F.3d 673, 675 (2d Cir. 2016); <u>Cortes v. MTA</u>

<u>N.Y.C. Transit</u>, 802 F.3d 226, 230 (2d Cir. 2015); <u>Deep Woods</u>

<u>Holdings, L.L.C. v. Savings Deposit Ins. Fund of Republic of</u>

<u>Turk.</u>, 745 F.3d 619, 622-23 (2d Cir. 2014); <u>Hill v. Curcione</u>, 657

F.3d 116, 124 (2d Cir. 2011).

"Material facts are those which 'might affect the

outcome of the suit under the governing law' . . . ."   <u>Coppola v.</u>

---

[1]Although the Court in <u>Reeves</u> was reviewing the denial of a
motion for judgment as a matter of law pursuant to Fed.R.Civ.P.
50, the same standards apply to a motion for summary judgment
pursuant to Fed.R.Civ.P. 56.   <u>Reeves v. Sanderson Plumbing</u>
<u>Prods., Inc.</u>, <u>supra</u>, 530 U.S. at 150-51.

Bear Stearns & Co., 499 F.3d 144, 148 (2d Cir. 2007), quoting
Anderson v. Liberty Lobby, Inc., supra, 477 U.S. at 248.  "'[I]n
ruling on a motion for summary judgment, a judge must ask himself
not whether he thinks the evidence unmistakably favors one side
or the other but whether a fair-minded jury could return a
verdict for the [non-movant] on the evidence presented[.]'"  Cine
SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 788 (2d Cir. 2007)
(second alteration in original), quoting Readco, Inc. v. Marine
Midland Bank, 81 F.3d 295, 298 (2d Cir. 1996).

Entry of summary judgment is appropriate "against a
party who fails to make a showing sufficient to establish the
existence of an element essential to that party's case, and on
which that party will bear the burden of proof at trial."
Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "In such a
situation, there can be 'no genuine issue as to any material
fact,' since a complete failure of proof concerning an essential
element of the nonmoving party's case necessarily renders all
other facts immaterial."  Celotex Corp. v. Catrett, supra, 477
U.S. at 322-23, quoting Fed.R.Civ.P. 56; accord Crawford v.
Franklin Credit Mgmt. Corp., 758 F.3d 473, 486 (2d Cir. 2014)
("[W]here the nonmoving party will bear the burden of proof on an
issue at trial, the moving party may satisfy its burden [on a
summary judgment motion] by point[ing] to an absence of evidence

to support an essential element of the nonmoving party's case."
(inner quotations and citations omitted, last alteration in
original)).

      2.   Title III of the
          Americans with Disabilities Act

     Title III of the ADA provides that "no individual shall
be discriminated against on the basis of disability in the full
enjoyment of the goods, services, facilities, privileges, advant-
ages, or accommodations of any place of public accommodation by
any person who owns, leases (or leases to), or operates a place
of public accommodation."  42 U.S.C § 12182(a).  The ADA defines
discrimination to include

> a failure to take such steps as may be necessary to
> ensure that no individual with a disability is ex-
> cluded, denied services, segregated or otherwise treat-
> ed differently than other individuals because of the
> absence of auxiliary aids and services, unless the
> entity can demonstrate that taking such steps would
> fundamentally alter the nature of the good, service,
> facility, privilege, advantage, or accommodation being
> offered or would result in an undue burden . . . .

42 U.S.C. § 12182(b)(2)(A)(iii); Camarillo v. Carrols Corp., 518
F.3d 153, 156 (2d Cir. 2008).  Private actions brought under
Title III of the ADA based on the existence of architectural
barriers are limited to injunctive relief and do not permit
monetary damages.  Krist v. Kolombos Rest. Inc., 688 F.3d 89, 94

(2d Cir. 2012); see also Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 86 (2d Cir. 2004). In order to state a claim for violation of Title III based on the existence of architectural barriers, a plaintiff must "establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." Krist v. Kolombos Rest. Inc., supra, 688 F.3d at 94-95; see also Roberts v. Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008); Camarillo v. Carrols Corp., supra, 518 F.3d 153, 156 (2d Cir. 2008). Because there is no dispute here as to the first two elements, my inquiry will focus on the third element.

B. Application of
the Foregoing Principles

Defendant contends that it is entitled to summary judgment because (1) plaintiff lacks standing to bring this action and (2) plaintiff has failed to meet his burden of offering evidence that the removal of architectural barriers inside Niagara is readily achievable.

7

1.   Standing under the ADA

To satisfy constitutional standing requirements
generally, a plaintiff must demonstrate (1) an injury in fact
that is "concrete and particularized" and "actual or imminent";
(2) a causal connection between the injury and the defendant's
conduct and (3) that the injury is likely to be redressed by a
favorable decision.  Lujan v. Defenders of Wildlife, 504 U.S.
555, 560-61 (1992); accord Spokeo, Inc. v. Robins, ---U.S.---,
136 S.Ct. 1540, 1547 (2016); see also Bernstein v. City of New
York, 621 F. App'x 56, 57 (2d Cir. 2015); Harty v. Simon Prop.
Grp. L.P., 428 F. App'x 69, 71 (2d Cir. 2011).  However, because
injunctive relief is a forward-looking remedy, courts require
that plaintiffs to demonstrate a "likelihood of future harm" in
addition to past injury.  Harty v. Spring Valley Marketplace LLC,
15 Civ. 8190 (NSR), 2017 WL 108062 at *6 (S.D.N.Y. Jan. 9, 2017)
(Román, D.J.), citing Shain v. Ellison, 356 F.3d 211, 215-16 (2d
Cir. 2004); see also Access 4 All Inc. v. Trump Int'l Hotel and
Tower Condo., 458 F. Supp. 2d 160, 167 (S.D.N.Y. 2006) (Karas,
D.J.).  Thus, the Second Circuit has held that a plaintiff
establishes standing in an ADA access case only where (1) the
plaintiff alleges past injury; (2) it is reasonable to infer that
the discriminatory treatment will continue and (3) it is reason-

8

able to infer that the plaintiff intends to return to the subject location. Bernstein v. City of New York, supra, 621 F. App'x at 57; Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187-88 (2d Cir. 2013); Harty v. Simon Prop. Grp. L.P., supra, 428 F. App'x 69 at 71; Camarillo v. Carrols Corp., supra, 518 F.3d at 158. Defendant contends plaintiff has failed to meet the first and third prongs of the standing test, namely, that plaintiff has failed to establish a past injury under the ADA and provides no reasonable basis to find that he intends to return to Niagara.

There is evidence here that plaintiff satisfies the first prong of the standing test. However, even drawing all inferences in favor of plaintiff under the deferential summary judgment standard, there is insufficient evidence to support a finding that plaintiff has any intention of returning to Niagara.

### a.   Past Injury

Defendant argues that plaintiff did not suffer an actual past injury during his visit to Niagara because he was able to enter the bar and purchase drinks despite the lack of an entrance ramp. Therefore, defendant contends, plaintiff had "a full and equal opportunity" to enjoy the services Niagara pro-vided and does not have standing to bring this action.

Heard v. Statue Cruises LLC, 16 Civ. 01079 (ALC), 2017

9

WL 2779710 (S.D.N.Y. Jun. 26, 2017) (A. Carter, Jr., D.J.)
involved a similar issue.  In that case, plaintiff was able to
board defendant's ferry boat only after employees carried him
onboard because the gangplank could not accommodate his motorized
wheelchair.  2017 WL 2779710 at *1.  Defendant maintained that
because plaintiff was able to board and ride the ferry, he did
not suffer an actual past injury and, therefore, did not have
standing to bring a claim under the ADA.  2017 WL 2779710 at *4.
The Honorable Andrew L. Carter, United States District Judge,
disagreed, finding that defendant's "failure to provide an
accessible entrance to its ferries forced its employees to single
[plaintiff] out in an effort to get aboard," thereby causing
humiliation and injury to plaintiff.  2017 WL 2779710 at *4.  The
Second Circuit adopted similar logic in Camarillo v. Carrols
Corp., supra, 518 F.3d at 157, holding that even though a
visually-impaired plaintiff was able to purchase food at defen-
dant's restaurants, she still suffered a past injury within the
ADA because the restaurants failed to provide large-print menus
and employees singled her out by only reading some portions of
the menus for her, making her wait longer in line than other
customers and insulting her because of her disability.

        Here, plaintiff was unable to enter the main entrance
to Niagara because there was no ramp to accommodate his wheel-

10

chair. Plaintiff was able to enter the establishment only after a good samaritan assisted him by carrying his wheelchair over the entrance steps (see Hurley Dep. at 10). Defendant's argument that plaintiff did not suffer injury because he eventually entered Niagara fails because there is sufficient evidence for a jury to find that plaintiff was "singled out" on account of his disability because he was not able to enter the establishment without assistance. Although plaintiff does not provide details of any humiliation or embarrassment as the plaintiffs did in both Heard and Camarillo,[2] because he alleged an encounter with an architectural barrier at Niagara, there is sufficient evidence, at least under the deferential summary judgment analysis, to support a finding of injury in fact.

Defendant further contends that because plaintiff never attempted to enter the men's bathroom or the dining area of Niagara, he does not have actual knowledge of any alleged violations in those areas and, thus, does not have standing to challenge those violations. Plaintiff testified at his deposition

---

[2] To the contrary, plaintiff's deposition testimony indicates that this experience barely had any effect on him whatsoever (Hurley Dep. at 10-12). Nevertheless, I cannot conclude that no reasonable jury could find an injury in fact based on plaintiff's need to be carried into Niagara by strangers. Anderson v. Liberty Lobby, Inc., supra, 477 U.S. at 255 (summary judgment cannot be granted where a reasonable jury could find in favor of the nonmoving party).

11

that he never attempted to use the men's bathroom inside Niagara because "there were way too many people in line" (Hurley Dep. at 15). Plaintiff also testified that he never attempted to enter the dining area and that the only architectural barriers at Niagara he knew of at the time of his deposition were the front entrance steps (Hurley Dep. at 29). Plaintiff's attorney attempts, misleadingly, to argue in her motion papers that steps inside the bar prevented plaintiff from using the men's restroom and from ordering drinks; however, this claim is entirely contradicted by plaintiff's own testimony (Hurley Dep. at 29).

          Although defendant's summary of the evidence presented is correct, its argument that plaintiff lacks knowledge of, and therefore lacks standing to challenge, any architectural barrier other than the steps at Niagara's entrance, is contrary to the law in this Circuit. It is well established that an ADA plaintiff has standing to challenge every single architectural barrier inside a premises, so long as he or she has suffered an actual injury from at least one barrier. Kreisler v. Second Ave. Diner Corp., supra, 731 F.3d at 188 ("once a plaintiff establishes standing with respect to one barrier in a place of public accommodation, that plaintiff may bring ADA challenges with respect to all other barriers on the premises that affect the plaintiff's particular disability"); Harty v. Spring Valley Marketplace LLC,

supra, 2017 WL 108062 at *7 (holding that once ADA plaintiff encounters one alleged ADA violation, he has standing to sue for all alleged barriers regardless of whether he personally encountered them); Rosa v. 600 Broadway Partners, LLC, 175 F. Supp. 3d 191, 199 (S.D.N.Y. 2016) (Gardephe, D.J.) (once wheelchair bound plaintiff encountered two architectural barriers inside defendant's store, she had standing as to the other 36 alleged ADA violations).

Defendant attempts to distinguish this case from Kreisler v. Second Ave. Diner Corp., supra, 731 F.3d at 188.  In Kreisler, the Second Circuit ruled that plaintiff's inability to enter the defendant's diner because his wheelchair could not mount the front entrance steps adequately established past injury under the ADA and was sufficient to give plaintiff standing to assert other various ADA violations inside the diner, even though he had not personally encountered them.  731 F.3d at 188-89. Defendant argues that unlike the plaintiff in Kreisler, plaintiff here was able to enter Niagara and had ample opportunity to move around the bar.  Defendant argues that because plaintiff was not prevented from entering Niagara and was not incapable of encountering other architectural barriers inside, the Kreisler analysis does not apply here.  Defendant interprets the ruling of Kreisler far too narrowly.  In Rosa v. 600 Broadway Partners, LLC, supra,

13

175 F. Supp. 3d at 199, The Honorable Paul G. Gardephe, United States District Judge, made it clear the Kreisler analysis also applied to cases where ADA plaintiffs gained access to the accused premises, stating "'the ADA's remedial scheme is not limited to orders for the removal of encountered barriers, but instead dictates that injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities'" (citation omitted).[3]

Therefore, the record does contain evidence sufficient to satisfy the first prong of the ADA standing analysis with respect to all purported ADA violations at Niagara.

b.   Intent to Return

Plaintiff does not offer any evidence of an intent to return to Niagara and, therefore, has not demonstrated the existence of an issue of fact as to the third element of the standing test.

---

[3]Defendant's reliance on the lower court decision in Bernstein v. City of New York, 13 Civ. 04610 (CM)(SN), 2015 WL 12434370 (S.D.N.Y. Jan. 7, 2015) (Netburn, M.J.) (Report & Recommendation), adopted Feb. 18, 2015 (unpublished endorsement), is misplaced.  The decision cited by defendant was vacated on appeal.  Bernstein v. City of New York, supra, 621 F. App'x at 57-59.

Whether an ADA plaintiff intends to return to a place of public accommodation is a "highly fact-specific inquiry." Camarillo v. Carrols Corp., supra, 518 F.3d at 157.  While there is no set standard for the "necessary degree of likelihood that an ADA plaintiff will return," the case law provides a number of factors for courts to consider in this inquiry.  Garnet v. Ramos Bros., Inc., 16 Civ. 2792 (RJB)(LB), 2017 WL 590323 at *2 (E.D.N.Y. Feb. 13, 2017) (Report & Recommendation).  These factors include (1) the proximity of plaintiff's residence to the place of public accommodation; (2) plaintiff's past patronage of the business; (3) the definiteness of plaintiff's plans to return and (4) the frequency of plaintiff's travel near the accommodation.  Garnet v. Ramos Bros., Inc., supra, 2017 WL 590323 at *2; see also Bernstein v. City of New York, supra, 621 F. App'x at 58-59; Kreisler v. Second Ave. Diner Corp., supra, 731 F.3d at 187-88; Harty v. Simon Prop. Grp. L.P., supra, 428 F. App'x at 71-72; Camarillo v. Carrols Corp., supra, 518 F.3d at 158; Ortiz v. Westchester Med. Ctr. Health Care Corp., 15 Civ. 5432 (NSR), 2016 WL 6901314 at *5 (S.D.N.Y. Nov. 18, 2016) (Román, D.J.); Shariff v. Channel Realty of Queens, LLC, 11-cv-1495 (DLI)(VVP), 2013 WL 5519963 at *3 (E.D.N.Y. Sept. 30, 2013); Access 4 All, Inc. v. G&T Consulting Co., 06 Civ. 13736 (DF), 2008 WL 851918 at *8 (S.D.N.Y. Mar. 28, 2008) (Freeman, M.J.).

15

The only evidence in the record of plaintiff's possible
intent to return to Niagara in the future is his indifferent,
one-word answer of "maybe" when he was asked during his deposi-
tion whether he had plans to return (Hurley Dep. at 17).  Plain-
tiff has lived less than a half a mile from Niagara for the past
18 years (Hurley Dep. at 7-8).  In those 18 years, he visited
Niagara once in December of 2014, stayed for approximately one
hour and admitted freely that he "didn't want to go in there no
more" when he passed by the bar on another occasion in 2015
(Hurley Dep. at 14-16).  As of the date of plaintiff's deposi-
tion, June 30, 2017, he had never been back to Niagara and could
not articulate any reason why he would go back (Hurley Dep. at
17).

Even drawing all factual inferences in favor of
plaintiff, plaintiff's answer that "maybe" he'll visit Niagara
again at some unspecified time in the future could not reasonably
be found to establish an intent to return. Lujan v. Defenders of
Wildlife, supra, 504 U.S. at 564 (intent to return to the place
of injury "some day" is insufficient); Bernstein v. City of New
York, supra, 621 F. App'x at 58-59 (ADA plaintiff's intent to
return to Central Park could not solely be based on the fact that
he has visited the park 30 times a year for the past 10 years);
Ortiz v. Westchester Med. Ctr. Health Care Corp., supra, 2016 WL

6901314 at *9 (plaintiff's identification of a single past visit to the accused premises, without more, calls for impermissible indefinite speculation as to whether plaintiff would return); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 953 (9th Cir. 2011) (ADA plaintiff lacks standing if he is indifferent to returning to the accused premises or his alleged intent to return is not genuine); Nastu v. Stamford Health Integrated Practices, 16-cv-292 (JCH), 2016 WL 2858774 at *4 (D. Conn. May 16, 2016) (plaintiff did not properly allege standing where he failed to state why he would return to a specific medical facility when many other physicians in the same geographic area were available to meet his needs).

Plaintiff has not submitted any evidence[4] demonstrating an intent to return to Niagara besides his general and conclusory statements in the complaint. At summary judgment, allegations in a complaint are insufficient to give rise to a genuine issue of fact. "At the summary judgment stage, a court cannot merely rely

---

[4]Plaintiff has not submitted any evidence in response to defendant's motion. The only factual material submitted in connection with defendant's motion has come entirely from defendant; plaintiff's opposition is limited to a memorandum of law which has no evidentiary weight. Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995) ("mere conclusory allegations or denials in legal memorandum . . . are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist.") (internal quotation marks and citations omitted).

17

on the allegations in a plaintiff's complaint to establish standing; rather, '[t]o defend against summary judgment for lack of standing, a plaintiff must set forth by affidavit or other evidence, specific facts supporting standing, as is generally required under Rule 56.'" Perdum v. Forest City Ratner Companies, 174 F. Supp. 3d 706, 714 (E.D.N.Y. 2016), aff'd, 677 F. App'x 2 (2d Cir. 2017), quoting NRDC Inc. v. U.S. Food & Drug Admin., 710 F.3d 71, 79 (2d Cir. 2013); see also Gatling v. Atlantic Richfield Co., 577 F.2d 185, 187 (2d Cir. 1978) ("[T]he party opposing the motion [for summary judgment] cannot rely on the pleadings to raise an issue [of fact.]").

Thus, because plaintiff has not offered evidence sufficient to give rise to a genuine issue of fact concerning the third prong of the ADA standing requirement, summary judgment on standing grounds should be granted.

2. Removal of
   Architectural Barriers

Even if plaintiff did have standing, summary judgment would still be warranted because plaintiff has failed to meet his burden of offering evidence to show that removal of non-compliant architectural barriers is readily achievable.

As noted above, disability discrimination includes

18

"failure to remove architectural barriers . . . where such removal is readily achievable." Kreisler v. Second Ave. Diner Corp., 10 Civ. 7592 (RJS), 2012 WL 3961304 at *6 (S.D.N.Y. Sept. 11, 2012) (Sullivan, D.J.), aff'd, 731 F.3d 184 (2d Cir. 2013), quoting 42 U.S.C. § 12182(b)(2)(A)(iv). "The term 'readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12182(9). The "readily achievable" standard applies to existing buildings occupied prior to January 26, 1993 that have not been signifi-cantly "altered." 42 U.S.C. §§ 12182(b)(2)(A)(iv), (v); Rosa v. 600 Broadway Partners, LLC, supra 175 F. Supp. 3d. at 206-07 ("If the facility predated 1993 and has not undergone an alteration, the test is whether a proposed remedial step is readily achiev-able".); Kreisler v. Second Ave. Diner Corp., supra, 2012 WL 3961304 at *6; Panzica v. Mas-Maz, Inc., 05-cv-2595 (ARL), 2007 WL 1732123 at *5 (E.D.N.Y. Jun. 11, 2007). Here, there is no dispute that Niagara has remained unaltered since 1980 (Affidavit of Laura Flauto-McCarthy, sworn June 29, 2017, annexed to Defen-dant's Memorandum of Law in Support of Motion for Summary Judg-ment as Exhibit I (D.I. 67-12) ("McCarthy Aff.") ¶¶ 4-14). Therefore, Niagara would be required to perform only "readily achievable" alterations to comply with the ADA. See 42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304(a).

It is well settled that an ADA plaintiff bears the
initial burden of showing the removal of an architectural barrier
is readily achievable. Roberts v. Royal Atl. Corp., supra, 542
F.3d at 372; Kreisler v. Second Ave. Diner Corp., supra, 2012 WL
3961304 at *7; Lockhart v. Coreas, 10-cv-1644 (SJF)(ETB), 2011 WL
2516569 at *5 (E.D.N.Y. Jun. 21, 2011); Brown v. County of
Nassau, 736 F. Supp. 2d 602, 612 (E.D.N.Y. 2010); Panzica v. Mas-
Maz, Inc., supra, 2007 WL 1732123 at *5; Pascuiti v. New York
Yankees, 98 Civ. 8186 (SAS), 1999 WL 1102748 at *1 (S.D.N.Y. Dec.
6, 1999) (Scheindlin, D.J.).  In order to make a prima facie
showing that the elimination of architectural barriers is readily
achievable, a plaintiff must "articulate a plausible proposal for
barrier removal, 'the costs of which, facially, do not clearly
exceed its benefits.'" Roberts v. Royal Atl. Corp., supra, 542
F.3d at 373, quoting Borkowski v. Valley Cent. Sch. Dist., 63
F.3d 131, 138 (2d Cir. 1995).  Once a plaintiff meets this
standard, "the burden then shifts to the defendant to establish
that the costs of a plaintiff's proposal would in fact exceed the
benefits." Kreisler v. Second Ave. Diner Corp., supra, 2012 WL
3961304 at *6, citing Roberts v. Royal Atl. Corp., supra, 542
F.3d at 373.  This is not a particularly high burden for plain-
tiff to meet.  Plaintiff's plausible proposals and cost estimates
need not be "exact or detailed," but must, at a minimum, include

20

an actual proposal and "at least some estimate of costs."
Kreisler v. Second Ave. Diner Corp., supra, 2012 WL 3961304 at
*6, citing Roberts v. Royal Atl. Corp., supra, 542 F.3d at 373,
377-78.  To meet the burden of demonstrating that removal of a
barrier is readily achievable, plaintiff must "proffer evidence,
including expert testimony, as to the ease and inexpensiveness of
their proposed method of barrier removal."  Panzica v. Mas-Maz,
Inc., supra, 2007 WL 1732123 at *5, citing Pascuiti v. New York
Yankees, supra, 1999 WL 1102748 at *4.  Summary judgment is
appropriate where a plaintiff fails to offer evidence demonstrat-
ing that compliance with the ADA is readily achievable.  Panzica
v. Mas-Maz, Inc., supra, 2007 WL 1732123 at *9 (granting summary
judgment in favor of the defendants where ADA plaintiff proposed
alterations, but did not provide any analysis of the feasibility
or difficulty of the suggested modifications).

        Plaintiff has failed to offer any evidence that the
removal of barriers at Niagara is readily achievable.  The only
material in the record that has any possible connection to the
alterations necessary to make Niagara ADA compliant is the
unsworn, undated report of plaintiff's expert, C. Jay Egilmez
(Egilmez Report).  This report, which was submitted by defendant
in its motion papers, merely contains photographs of the interior
and exterior of Niagara and citations to applicable sections of

21

the ADA Standards for Accessible Design ("ADAAG") (Egilmez Report). It provides no discussion whatsoever of the architectural modification proposals that would make Niagara ADA compliant or any cost analysis for those modifications (Egilmez Report). Yet, plaintiff argues this report is sufficient to carry his burden of establishing that removal of barriers inside Niagara is readily achievable (Plaintiff's Opposition to Defendant's Motion for Summary Judgment with Supporting Memorandum of Law (D.I. 71) ("Pl. Memo.") at 10). Plaintiff's claims are meritless.

Plaintiff's only mention of a plausible proposal is one sentence in his attorney's memorandum of law suggesting that Niagara install a removable drop down section of the bar inside Niagara and a compliant temporary wheelchair ramp (Pl. Memo. at 10). An attorney's unsworn statement in a memorandum of law is insufficient to give rise to a genuine issue of fact. Vann v. New York City Transit Auth., 4 F. Supp. 2d 327, 330 (S.D.N.Y. 1998) (Sweet, D.J.). Furthermore, defendant presented uncontroverted evidence that Niagara already possesses and regularly uses a temporary wheelchair ramp (McCarthy Aff. ¶¶ 18-19); (Affidavit of Edward E. Shalat, sworn June 29, 2017, annexed to Defendant's Memorandum of Law in Support of Motion for Summary Judgment as Exhibit J, (D.I. 67-13) ("Shalat Aff.") ¶ 16d).

22

In response to defendant's assertion that plaintiff has failed to present any estimate of costs or the feasibility of any modifications as required under the ADA, plaintiff glibly responds that "it does not take a genius to determine whether the cost of providing a compliant temporary ramp outweighs the benefits of ending discrimination" (Pl. Memo. at 10). Plaintiff goes on to assert that "it did not take an expert" to determine that steps prevent wheelchairs from entering establishments or that a removable bar would assist disabled patrons (Pl. Memo. at 10).

Plaintiff's counsel's argument is patently incorrect. As explained above, with respect to structures that were occupied before 1993 and not significantly altered after that date, the ADA does not impose an unqualified duty to remove obstacles to accessibility. Rather, the obligation to remove such obstacles applies only to alterations that are readily achievable. Thus, in evaluating an ADA claim in an access case, courts "require a plaintiff to articulate a plausible proposal for barrier removal, 'the costs of which, facially, do not clearly exceed its benefits.'" <u>Roberts v. Royal Atl. Corp.</u>, <u>supra</u>, 542 F.3d at 373, quoting <u>Borkowski v. Valley Cent. Sch. Dist.</u>, 63 F.3d 131, 138 (2d Cir. 1995). To meet this standard, an ADA plaintiff must set forth a "plausible proposal" for removal rather than rely on "rank speculation." <u>Kreisler v. Second Ave Diner Corp.</u>, <u>supra</u>,

2012 WL 3961304 at *8 (plaintiff failed to meet his burden by not providing even a general cost estimate or design proposal for the construction of a wheelchair ramp); see also Panzica v. Mas-Maz, Inc., supra, 2007 WL 1732123 at *9 (defense motion for summary judgment granted where ADA plaintiff submitted an expert report suggesting modifications, but failed to provide any cost analysis for those modifications); Pascuiti v. New York Yankees, supra, 1999 WL 1102748 at *4 (to meet the burden of demonstrating that ADA compliance is readily achievable, an ADA plaintiff must "proffer evidence, including expert testimony, as to the ease and inexpensiveness of their proposed method of barrier removal"). The bald suggestion from plaintiff's counsel that ending discrim- ination will always outweigh the cost of a modification com- pletely ignores this standard.   Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991) (summary judgment cannot be defeated by "conjecture or surmise").

IV.   Conclusion

Accordingly, for all the foregoing reasons, I respect- fully recommend that defendant's motion for summary judgment be granted and plaintiff's complaint be dismissed.

24

V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. See also Fed.R.Civ.P. 6(a). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable George B. Daniels, United States District Judge, 500 Pearl Street, Room 1310, New York, New York 10007, and to the Chambers of the undersigned, 500 Pearl Street, Room 1670, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir.

1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983)

(<u>per</u> <u>curiam</u>).

Dated:   New York, New York
         February 2, 2018

                              Respectfully submitted,


                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

All Counsel of Record