UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
FREDKIEY HURLEY,

               Plaintiff,

     -against-

TOZZER, LTD. d/b/a/ NIAGARA,

               Defendant.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER
15 Civ. 2785 (GBD) (HBP)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Fredkiey Hurley filed this action on April 9, 2015, seeking a declaration that Defendant Tozzer, Ltd. violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, by denying him access to goods or services on Defendant's property, a bar located in Manhattan called the Niagara. (Compl., ECF No. 1.) On June 30, 2017, Defendant moved for summary judgment, pursuant to Federal Rule of Civil Procedure 56, arguing that Plaintiff lacks standing and has failed to prove that the removal of an architectural barrier preventing him from accessing the establishment is readily achievable. (*Id.* at 1; Def. Mot. for Summ. J., ECF No. 67.)

This matter was referred to Magistrate Judge Henry Pitman. (ECF No. 9.) Before this Court is Magistrate Judge Pitman's February 2, 2018 Report and Recommendation ("Report," ECF No. 73), recommending that this Court grant Defendant's motion for summary judgment both on standing grounds and on the merits. (*Id.* at 2.)[1]

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report and is incorporated herein.

Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 16); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Neither party has filed objections.

Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report and the recommendations contained therein in full, and GRANTS Defendant's motion for summary judgment.

## I. LEGAL STANDARDS

### A. Report and Recommendations

This Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). When no objections to a Report are made, this Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (internal quotation mark s and citation omitted). Clear error is present only when "upon review of the entire record, . . . [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002). A fact is "material" when "it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In turn, to defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact. To do so, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). Rather, the non-moving party must produce admissible evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968). In this regard, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the non-moving party and draw all inferences in that party's favor. *See Morse v. Fusto*, 804 F.3d 538, 546 (2d Cir. 2015); *Niagara*, 315 F.3d at 175. The court's task is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Summary judgment is therefore "improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

### C. TITLE III OF THE AMERICANS WITH DISABILITIES ACT

Title III of the ADA provides, in pertinent part, that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

3

privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under Title III, a plaintiff must allege "(1) that she is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).

The types of discriminatory activities prohibited under Title III include, among others, "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Removal of an architectural barrier is "readily achievable" if it is "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

## II. PLAINTIFF LACKS STANDING TO SUE UNDER THE ADA

To have standing to sue under the ADA, a plaintiff must show: "(1) 'an injury in fact' to 'a legally protected interest' that is both '(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical,' (2) 'a causal connection between the injury and the conduct complained of,' and (3) that it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76, 79 (2d Cir. 2017) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). In the ADA context, the Second Circuit has "found standing (and therefore an injury in fact) where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' restaurants to plaintiff's home, that

4

plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). If a plaintiff "establishes standing with respect to one barrier in a place of public accommodation, that plaintiff may bring ADA challenges with respect to all other barriers on the premises that affect the plaintiff's particular disability." *Rosa v. 600 Broadway Partners, LLC*, 175 F. Supp. 3d 191, 199 (S.D.N.Y. 2016) (citing *Kreisler*, 731 F.3d at 188).

The Report correctly found that Plaintiff has established a past injury under the ADA. (*See* Report at 14.) In December 2014, Plaintiff was unable to enter the Niagara because there was no ramp to accommodate his wheelchair. (*Id.* at 10–11.) Drawing all inferences in Plaintiff's favor, a jury could find that Plaintiff was "singled out" for his disability because he was unable to enter the Niagara without assistance due to this architectural barrier. (*Id.* at 11.)

However, as the Report further found correctly, Plaintiff does not have standing under the ADA because he has not established facts sufficient to support an inference that he intends to return to the Niagara. (*Id.* at 14.) As the Report noted, though Plaintiff has lived less than half a mile from the Niagara for the past 18 years, he has only visited the Niagara on a single occasion in December 2014, when the alleged incident of discrimination occurred. (*Id.* at 16.) When passing by the Niagara in 2015, Defendant stated that he "didn't want to go in there no more." (*Id.*) When asked at his June 30, 2017 deposition if he intended to return to the Niagara, he said, "maybe," and as of that date, he had not been back and could not articulate a reason why he would ever go back. (*Id.*) Given these facts, there is no clear error in the Report's conclusion that Plaintiff has not presented evidence of an intent to return to the Niagara sufficient to raise a triable issue of fact as to his standing to sue under the ADA. (*See id.* at 18.)

5

## III. PLAINTIFF HAS NOT SUFFICIENTLY ESTABLISHED THAT THE REMOVAL OF ARCHITECTURAL BARRIERS IS "READILY ACHIEVABLE"

Even if Plaintiff had standing, the Report correctly found that Plaintiff has failed to offer sufficient evidence to raise a triable issue of fact as to whether the removal of architectural barriers at the Niagara is readily achievable. (*Id.*) To make a prima facie showing that the removal of an architectural barrier is readily achievable, the plaintiff must, at a minimum, "articulate a plausible proposal for barrier removal, 'the costs of which, facially, do not clearly exceed its benefits.'" *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 373 (2d Cir. 2008) (quoting *Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 138 (2d Cir. 1995)). "Neither the estimates [of costs] nor the proposal are required to be exact or detailed." *Roberts*, 542 F.3d at 373. This "minimal burden" does, however, require a proposal and "at least some estimate of costs." *Kreisler v. Second Ave. Diner Corp.*, No. 10 Civ. 7592 (RJS), 2012 WL 3961304, at *7 (S.D.N.Y. Sept. 11, 2012). If a plaintiff meets this standard, the burden "shifts to the defendant to establish that the costs of a plaintiff's proposal would in fact exceed the benefits." *Id.* at *7.

Here, the Report correctly found that Plaintiff's expert's report contained no discussion of any proposed architectural modifications that would make the Niagara ADA-compliant, and Plaintiff's only plausible proposal of a modification appears in his attorney's memorandum of law suggesting the Niagara install a removable drop down section of the bar and a temporary wheelchair ramp. (Report at 21–22 (citing Pl.'s Opp'n to Def's Mot., ECF No. 76, at 10).) But "an assertion in a memorandum of law cannot create a *bona fide* issue of fact." *Lind v. Vanguard Offset Printers*, 857 F. Supp. 1060, 1066 n.4 (S.D.N.Y. 1994) (citing *Dusanenko v. Maloney*, 726 F. 2d 82, 84 (2d Cir. 1984); *Park Ave. Tower Assocs. v. City of New York*, 746 F.2d 135, 141 (2d Cir. 1984)). The Report further correctly found that Plaintiff's counsel's assertion that ending discrimination will always outweigh the costs of a modification was insufficient to satisfy the

6

requirement that a proposed modification include an estimate of its costs. (Report at 24). Thus, Plaintiff has failed to raise a triable issue of fact as to whether the removal of architectural barriers at the Niagara is "readily achievable" as that term is defined in the ADA.

## IV. CONCLUSION

This Court adopts the Report and Recommendation. Defendant's motion for summary judgment (ECF No. 67) is GRANTED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
February 22, 2018

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge